UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
PCVST MEZZCO 4, LLC, et al.,                                   :
: 
                Plaintiffs,                          :
      v.                                                       :    Case No. 14 Civ. 6023 (AJN)
: 
WACHOVIA BANK COMMERCIAL                                       :
MORTGAGE TRUST 2007-C30, et al.,                               :
: 
                Defendants.                          :
: 
---------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE APPALOOSA'S "STATEMENT OF INTERESTED PARTIES"**

      Defendants Wachovia Bank Commercial Mortgage Trust 2007-C30; Cobalt CMBS Commercial Mortgage Trust 2007-C2; Wachovia Bank Commercial Mortgage Trust 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5; ML-CFC Commercial Mortgage Trust 2007-6 (collectively, the "Trusts"); U.S. Bank National Association and Wells Fargo Bank National Association; CWCapital Asset Management LLC ("CWCAM"); PCV-M Holdings LLC; PCV ST Owner LP; ST Owner LP; PCVST-DIL LLC; and ST-DIL LLC (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike the Statement of Interested Parties (the "Statement of Interested Parties") filed by Appaloosa Investment L.P. I, Palomino Fund Ltd., Thoroughbred Fund L.P., and Thoroughbred Master Ltd. (collectively, "Appaloosa").

      1.      Appaloosa is not a party to this action. The filing of Statement of Interested Parties is inappropriate because it is not based on any Rule of Civil Procedure or statute, seeks no relief, and does not advance a position on any of the issues actually presented in this case.

2.      Appaloosa is just one of hundreds of Certificateholders who purchased the more than $24 billion of certificates in the five Trusts CWCAM represents in this case, and Appaloosa simply has no standing to appear or be heard in this case.[1]

3.      It is important to note that, as a Certificateholder, Appaloosa, on its own, could never be an intervenor in this action.  Appaloosa's rights as a Certificateholder are governed by the terms of a Pooling and Servicing Agreement dated March 1, 2007, by and among Wachovia Commercial Mortgage Securities, Inc., as Depositor, Wachovia Bank, National Association, as Master Servicer, CWCAM, as Special Servicer, and Wells Fargo Bank, N.A., as Trustee (the "PSA").  The PSA imposes pre-conditions on investors before they can take action outside of the Trust, including the requirement that they have the support of 25% of all other classes of Certificateholders before filing any action.  See Decl. of Colleen M. Mallon, Ex. 1 (transcript from April 29, 2010 hearing in Bank of Am., N.A. v. PCV ST Owner LP, 10 Civ. 1178 (AKH) (S.D.N.Y.) ("4/29/10 Transcript")), at 8-9 (referring to and quoting from the no-action clause in the PSA found at Section 11.03).  Appaloosa has not complied with this and other requirements, which serve as an absolute bar to its ability to appear in any case, and certainly a bar to being heard in a case that has nothing to do with the purported issues Appaloosa raises.

4.      Appaloosa is aware of all of this because this is not the first time that it has improperly attempted to insert itself into CMBS litigation as a purportedly aggrieved Certificateholder.  Those prior attempts to intervene were rejected by the courts based upon Appaloosa's lack of standing.  Appaloosa's first such effort to intervene was during 2010 in the federal foreclosure case concerning these very Trusts and the Stuyvesant Property.  See Bank of

---

[1] While Appaloosa represents that it owns certificates with a face value of five hundred million dollars that does not mean that it made an investment of anything approaching the face value of the Certificates.  Many of the bonds Appaloosa purports to own long ago stopped receiving distributions from the Trusts and can be purchased for literally pennies on the dollar.

<u>Am., N.A.</u>, 10 Civ. 1178, Dkt. No. 17.  Judge Hellerstein summarily denied Appaloosa's request finding that it had no standing and noting:  "Appaloosa does not show that it has a direct, substantial and legally protectable interest in the action . . . .  Appaloosa's interest is contingent upon the concurrence of a sequence of events, namely the negligence or failure of the trustee acting for all of the groups, and it is not the business of this lawsuit. . . .  The motion is denied."  <u>Id.</u>, Dkt. No. 89; 4/29/10 Transcript at 36-38, 4, 28.[2]  Certainly Appaloosa has done nothing to create standing by submitting a filing that asserts no claim at all and whose editorializing has nothing whatsoever to do with the issues presented in this case.

5. Apparently recognizing that it could not succeed on a motion to intervene, Appaloosa concocted the instant "Statement of Interested Parties," which unlike its prior motion to intervene, does not even have a basis in the Rules of Civil Procedure or purport to assert any claim.

6. Just as in the foreclosure case, Appaloosa's illegitimate filing is entirely irrelevant and immaterial to the subject matter of this case.  Plaintiffs here assert claims for breach of a contract, <u>i.e.</u>, the Intercreditor Agreement, which governs the relationship between and among the various lenders involved in financing the 2007 sale of the Property.  Appaloosa is not a lender and is not a party to the Intercreditor Agreement, but rather its rights are governed, as previously noted, by the PSA, which is not the subject of this litigation and is immaterial to the outcome of this litigation.

---

[2] Appaloosa's desire to go it alone without regard to its right to do so is not limited to this asset, these Trustees or CWCAM.  It did the same thing in the <u>Innkeeper</u> bankruptcy case once again to purportedly "protect its investment" against another "conflicted" special servicer (in that case Midland Loan Services), only to be told once again that it had no ability to intervene or take any action as a Certificateholder in a CMBS Trust.  See <u>In re Innkeepers USA Trust</u>, 448 B.R. 131, 143-45 (Bankr. S.D.N.Y. 2011) (holding that Appaloosa, as a Certificateholder, lacked standing to appear and take any action).

7.      Given the fact that this odd filing seeks no relief, is brought by an entity who would have no standing if it sought to intervene in this action, and is immaterial and irrelevant to this action, Appaloosa's "Statement of Interested Parties" should be rejected pursuant to Federal Rule of Civil Procedure 12(f).  Rule 12(f) "permits a district court to strike an insufficient defense or 'any redundant, immaterial, impertinent, or scandalous matter,' either *sua sponte* or on motion by a party."  Century Indem. Co. v. Equitas Ins. Ltd., 2011 WL 4526672, at *2 (S.D.N.Y. Sept. 27, 2011) (quoting Fed. R. Civ. P. 12(f)).  Motions to strike are properly granted where, as here, a petition is filed "with no legitimate purpose."  Id. at *2-3 (granting motion to strike defendant's cross-petition to confirm an arbitration award where the filing served "no legitimate purpose" and instead "appear[ed] to be an effort to utilize the Court's public docket for the purpose of influencing non-parties to the present case").  For purposes of the instant litigation, Appaloosa simply has no right to meddle in it.[3]

For the foregoing reasons, Defendants respectfully ask that the Court strike Appaloosa's Statement of Interested Parties.

---

[3] Although the lack of substance in Appaloosa's Statement of Interested Parties is for another forum and another day, to the extent Appaloosa claims it is seeking information concerning how proceeds from any sale are to be distributed, that information is available to them.  Appaloosa is fully aware of the roles and parties to a CMBS Trust and has in its possession the 297-page PSA, which provides in excruciating detail how properties are to be sold and their proceeds distributed.

8883456

| | |
|---|---|
| Dated:  December 23, 2014 | Respectfully submitted, |

/s/ Gregory A. Cross
Gregory A. Cross (*pro hac vice*)
Colleen M. Mallon (*pro hac vice*)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400 (telephone)
(410) 244-7742 (facsimile)

Michael C. Hartmere
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
(212) 808-5668

*Attorneys for Defendants*